# Richmond

GEORGE SLATER v. COMMONWEALTH OF VIRGINIA.

March 2, 1942.

Record No. 2529.

Present, All the Justices.

The opinion states the case.

*Thomas F. Walker*, for the plaintiff in error.

*Abram P. Staples, Attorney-General*, and *Walter E. Rogers, Special Assistant*, for the Commonwealth.

GREGORY, J., delivered the opinion of the court.

George Slater was convicted of the larceny of an automobile and sentenced to three years in the penitentiary. His position in the lower court was, and here is, that he was guilty of the lesser offense of unauthorized use of an automobile (Michie's Code, section 2154(94) and section 4480.)

The facts are not in dispute. On June 6, 1941, at ten o'clock at night, the accused and one Clarence Hopkins attempted or started to take an automobile which was parked on Fourth avenue in Wytheville, but some one appeared on the front porch of the residence in front of which the car was parked and frightened them away. They walked up to Main street and proceeded on Main street to a point in front of the office of Dr. Chitwood. There the car of Dr. Chitwood was parked, and they wrongfully took his car and drove it away without his knowledge or consent. Sometime later, while Slater was driving, the car ran off the road which runs to Bluefield, West Virginia, at a point in Bland county, some fourteen or fifteen miles from Wytheville. The car was wrecked and damaged to the extent of several hundred dollars.

Both Slater and Hopkins had been drinking. After the wreck Slater walked to a filling station one-half mile distant for help. Hopkins had been badly injured. A cab driver was at the filling station and he drove to the place of wreck and brought them to "Fry's Cottage" in Wythe county,

where he left them. The report of the wreck caused the Wythe county officers to suspect that the car belonged to Dr. Chitwood. They went to the scene and found Dr. Chitwood's car. Slater and Hopkins were brought to Wytheville, where Hopkins was treated by Dr. Chitwood.

Slater testified that they intended driving to Bluefield, West Virginia, in the car, and there abandoning it. From there Slater said he intended to go to Kentucky by train. He also said he did not have the consent of Dr. Chitwood to take the car, but that he had no intention of stealing or depriving Dr. Chitwood of the car permanently. However he testified that he did not intend to return the car to Dr. Chitwood.

Slater was indicted for larceny and not for the unauthorized use of the car. The case was tried by a jury upon the issue of whether he was guilty of larceny, and not upon the issue of unauthorized use; in other words, the lower court was of the opinion that Slater was either guilty of larceny or he was entitled to an acquittal. The accused took the position that he was entitled to have the jury determine whether he was guilty of the unauthorized use of the car, because he had testified that he had no intention of stealing it. He admitted that he was guilty of the unauthorized use of the car. He asked for instructions that would have submitted to the jury the issue of whether he was guilty of that offense or larceny. These instructions were refused.

Our quest is limited to a determination of whether the evidence sustains the charge of larceny or tends to sustain the offense of unauthorized use. If it tends to sustain a charge of unauthorized use, then the instructions requested which would have submitted that issue to the jury ought to have been granted.

Larceny, as defined by our court, is the wrongful or fraudulent taking of personal goods of some intrinsic value, belonging to another, without his assent and with the intention to deprive the owner thereof permanently. The *animus furandi* must accompany the taking. But the wrongful taking of property in itself imports the *animus furandi*. *Vaughan v. Lytton*, 126 Va. 671, 101 S. E. 865.

The offense of unauthorized use of an automobile is de-

fined by statute. See Code, section 4480, and the later section 2154(94) of the Motor Vehicle Code. The latter section provides, "Any person who shall take, drive or use a motor vehicle, * * * not his own, without the consent of the owner thereof and in the absence of the owner, and with intent to temporarily deprive the owner thereof of his possession thereof, without intent to steal the same, shall be guilty of a misdemeanor * * *."

The main difference between common law larceny and the statutory offense of unauthorized use is that in the former there must be an intent to deprive the owner of his property *permanently*, while in the latter the intent is to deprive the owner of possession of his automobile *temporarily* and without any intent to steal the same. The intent with which property is taken determines the offense.

In the case at bar there is no evidence which tends to show that Slater intended to deprive the owner of his car *temporarily*. His own testimony discloses that he intended to deprive the owner of the car *permanently*, for he said that he never intended to return the car but intended to abandon it in Bluefield, West Virginia. When one wrongfully takes property of another with intent to deprive the owner thereof, larceny is complete, though the accused afterwards abandons it. *Whalen* v. *Commonwealth*, 90 Va. 544, 19 S. E. 182.

Evidence of the offense of unauthorized use is entirely absent. That ·of larceny is full handed.

There are many assignments of error. They all either involve matters already adverted to, or are without merit. The evidence plainly discloses a case of larceny. The judgment is affirmed.

*Affirmed.*