# Richmond

## J. R. Robinson v. Commonwealth of Virginia.

November 21, 1949.

Record No. 3597.

Present, All the Justices.

The opinion states the case.

*G. Mark French*, for the plaintiff in error.

*J. Lindsay Almond, Jr., Attorney General*, and *Ballard Baker, Assistant Attorney General*, for the Commonwealth.

GREGORY, J., delivered the opinion of the court.

J. R. Robinson, the petitioner, was convicted in the Circuit Court of Dickenson county of breaking and entering with intent to commit larceny, and of grand larceny. For each offense he was given three years in the penitentiary and was sentenced accordingly.

There is no substantial conflict in the evidence. On the night of March 17, 1949, the petitioner, with three other young men, broke and entered the Clintwood Motor Sales garage in Clintwood, and drove away a new 1949 Ford automobile. He and the others were drinking at the time. The car was not driven by the petitioner but he was an occupant of the car during the entire time it was being operated. The car was driven through several towns and counties in Southwest Virginia and was finally abandoned on the highway near Chilhowie. The sheriff of Dickenson county found the car. Its front end was pointing in an easterly direction and away from Clintwood.

The car was littered up with cigarettes, cigarette ashes, empty packages, match stems, beer caps, and other objects which were found therein. The front door on the right hand side had been staved in, and the rear door on the right had been jammed.

The petitioner testified in the court below. He did not deny his participation in the breaking and entering and in the wrongful taking of the Ford. He also admitted that he was an occupant of the car during the whole time it was being illegally driven. He seeks to excuse himself by claiming that he was drunk and did not know what he was doing, and contends that he might have been guilty of the unauthorized use of the car, but that he was not guilty of its theft.

The assignments of error are that the court improperly permitted an amendment to the indictment; that after the Commonwealth had rested its case it permitted the Commonwealth to introduce additional witnesses; that the court improperly amended the verdict; that the court improperly refused to grant bail to the petitioner; and that the court improperly refused to grant instruction D-6 which would have told the jury that the petitioner might have been found guilty of the lesser offense of the unauthorized use of a motor vehicle under Code, 1942 (Michie), section 2154(94).

At the beginning of the trial the attorney for the Commonwealth moved to amend the indictment. The indictment, as amended, read in part: "That J. R. Robinson * * * did break and enter in the night time the *Ford garage building belonging to* Clintwood Motor Sales, Inc., at Clintwood, in the said county, with intent the goods and chattels of the Clintwood Motor Sales, Inc., in said Ford garage building belonging to Clintwood Motor Sales, Inc., * * * to take, steal and carry away one 1949 model Ford sedan, the property of Clintwood Motor Sales, Inc., in the said Ford garage building belonging to Clintwood Motor Sales, Inc., * * *

of the value of $2,021.55, unlawfully and feloniously did take, steal and carry away, * * * ".

The amendment sought contained the addition of these words, "Ford garage building belonging to", which are placed in the second line, before the words "Clintwood Motor Sales, Inc.", and which are italicized.

The contention of the petitioner in the court below and here is that the amendment made out a new case. His argument is that the indictment as originally found by the grand jury charged only grand larceny but that with the amendment an additional charge was made of housebreaking with intent to commit larceny, an entirely separate offense, and that both charges could not properly be laid in one count of an indictment.

■ Under Code, 1942 (Michie), section 4877, it is provided that at any time before the defendant pleads, a defective indictment for a felony may be amended by the court that does not change the character of the offense charged. We think that the amendment to the indictment in the present case was properly made under that section of the Code. It did not change the offense charged but enlarged on the description and made the charge clearer. It was simply a clarifying amendment and no more.

The indictment prior to the amendment charged that the petitioner "unlawfully and feloniously did break and enter the Clintwood Motor Sales, Inc. * * * to take and carry away one 1949 model Ford * * * in the said garage building * * * '." We think this language was sufficient to charge the petitioner with breaking and entering the garage building of that company with intent to commit grand larceny, and that the amendment, while desirable and properly allowed, was not absolutely essential.

■ The indictment in the same count also properly charges the petitioner with grand larceny. However, under the decisions of this court, while two separate and distinct charges, one of housebreaking with intent to commit larceny, and the other of grand larceny, may be made in a

single count, an accused may be found guilty of either of the offenses but there can be only one penalty imposed. In *Benton's Case*, 91 Va. 782, at page 788, 21 S. E. 495, we stated the rule to be: "Housebreaking with the intent to commit larceny, and grand larceny are distinct offenses under the law, and to each is affixed its own penalty, but they may be and often are one continued act, and may be charged in the same count of an indictment. Upon such count the accused may be found guilty of either of the offences, but there can be only one penalty imposed. *Commonwealth* v. *Hope*, 22 Pick. (39 Mass.) 1; *Josslyn* v. *Commonwealth*, 6 Metc. (47 Mass.) 236; and Bish. on Cr. Pr. Vol. 2, Sec. 144. If it is desired to punish for both offences in a case of this kind, there must be inserted in the indictment a separate count for the larceny, as was done in *Speer's Case*, 17 Gratt. (58 Va.) 570."

In *Clark* v. *Commonwealth*, 135 Va. 490, 115 S. E. 704, the indictment contained a single count and charged the defendant with breaking and entering a certain railroad car with intent to commit larceny therein and the larceny from the car of articles of the value of $156. This court again applied the rule that where an accused is charged with breaking and entering with intent to commit larceny and the commission of the larceny, he might be convicted of either offense but not of both. The court further held that it was permissible to charge in one count not only the breaking and entering with intent to commit larceny but also larceny at the same time, as one continuous act, the larceny in such case being the best evidence of the intent with which the breaking was committed.

In *Walters* v. *Commonwealth*, 159 Va. 903, 165 S. E. 495, the indictment contained only one count. It charged housebreaking and larceny. The verdict was a general finding of guilty. It did not specify whether the accused was found guilty of housebreaking or larceny. We held that under such circumstances, under well-recognized principles, the finding would be considered as one of guilty of house-

breaking, the major offense. See *Speer's Case*, 17 Gratt. (58 Va.) 570; *Vaughan's Case*, 17 Gratt. (58 Va.) 576, and *Myers* v. *Commonwealth*, 132 Va. 746, 111 S. E. 463. But see *Benton's Case, supra* (91 Va. at pp. 791-792), where it is held that breaking and entering and grand larceny are equal in grade.

In *Branch* v. *Commonwealth*, 184 Va. 394, 35 S. E. (2d) 593, the accused was charged with two separate crimes, one of breaking and entering in the night-time with intent to commit larceny, and the other of feloniously stealing, taking and carrying away goods of the value of $1,502. We reiterated the rule that housebreaking with intent to·commit larceny, and grand larceny, are distinct offenses under the law, and to each is affixed its own penalty, but they may be and often are one continued act, and may be charged in the same count of an indictment. The accused may be found guilty of either of the offenses, but only one penalty may be imposed. See also, *Harris* v. *Commonwealth*, 185 Va. 26, 37 S. E. (2d) 868.

In the case at bar the petitioner could have been found guilty under the single count in the indictment either of breaking and entering with the intent to commit larceny, or the commission of larceny itself, but only one penalty could be affixed to his crime, and a general finding of guilty would, under our holdings, be a finding of the major offense of housebreaking.

It follows that instructions P-1 and P-2 were erroneous. in this case. P-1 told the jury that the petitioner could be found guilty of breaking and entering the garage with intent to commit larceny, and that if they so found he would be guilty of a felony and his punishment should be by confinement in the penitentiary not less than one nor more than ten years, &c.

Instruction P-2 told the jury that the petitioner could also be found guilty of the larceny of the 1949 Ford sedan, and if he were so found by the jury they could fix his punishment at confinement in the penitentiary for not less than

one nor more than ten years, &c. In other words, the court erroneously told the jury in these instructions that under the one count the petitioner could be found guilty of both offenses and also inflicted with the two separate punishments. This was in the teeth of the *Benton, Clark,* and other cases, *supra.*

The instructions might have been correct if there had been two counts in the indictment, one charging breaking and entering and the other charging grand larceny. Likewise, the instruction might have been correct if the court had additionally instructed the jury that they could have found the accused guilty of either offense, but not of both.

The next assignment of error directed to the court's allowing the attorney for the Commonwealth to introduce other evidence in chief after he had rested the case. This was a matter for the sound discretion of the trial court, and in the absence of abuse this court will not disturb it. *Mohler* v. *Commonwealth,* 132 Va. 713, 111 S. E. 454, and *Mundy* v. *Commonwealth,* 161 Va. 1049, 171 S. E. 691.

The next assignment of error is directed to the court's action upon the first verdict which was only one of guilty. This verdict read as follows: "We, the jury, find the defendant guilty and fix his punishment at six years in the penitentiary." The court refused to accept this verdict because it failed to show of what offense the accused had been found guilty. The jury were directed to return to their room after the court explained to them that two offenses were charged and that they would have to make their finding in respect to each offense. Whereupon, the jury retired to their room and returned this verdict, "We, the jury, find the defendant guilty of breaking and entering and grand larceny and fix his punishment at three years for each offense." The court then interrogated them as to whether or not they had found the petitioner guilty of both offenses and they indicated that they had. The court then rewrote the verdict for the jury, and it finally appeared in this form: "We, the jury, find the defendant guilty of

breaking and entering the garage building of the Clintwood Motor Sales, Inc., with intent to commit larceny, and also guilty of grand larceny of the automobile as charged in the indictment, and fix his punishment at three years in the penitentiary for each offense, making a total of six years in the penitentiary." Each juror was then interrogated as to whether the verdict, as reformed by the court, was his verdict and they were unanimous in declaring that it was.

Counsel for the petitioner then made a motion to set aside the verdict, assigning numerous grounds, and especially directing the attention of the court to the fact that under the single count in the indictment only one punishment could be affixed. Judgment was finally entered upon the reformed verdict.

In the light of what we have already written, we think that the action of the court in respect to the verdicts was erroneous.

The next assignment challenged the action of the court in refusing to grant instruction D-6 offered by petitioner, which would have told the jury that any person who uses the automobile of another without his consent has violated the law and can be prosecuted, but that such violation would not be a felony but a misdemeanor which carries a fine and jail sentence. The purpose of the instruction was to tell the jury that they might, under the evidence, find the petitioner guilty of the unauthorized use of the automobile, but the form of the instruction is clearly improper. It does not follow the statute—Code, section 2154(94),— in any respect, and for that reason alone its refusal was proper. See *Slater* v. *Commonwealth*, 179 Va. 264, 18 S. E. (2d) 909.

In the *Slater Case, supra,* the defendant made the same contention that is made in the case at bar. He claimed that he did not intend to steal the car and therefore was not guilty of the larceny of it, but that he was guilty of its unauthorized use, under the statute a misdemeanor. In the lower court an instruction submitting this issue to the jury

was refused and that was assigned as one of the errors in this court. We held that he was not entitled to such an instruction under the facts in that case. He had stolen a car on the streets in Wytheville in the night-time, and he and his companion were driving on the road to Bluefield when the car was wrecked and abandoned. He contended that he did not intend to deprive the owner permanently of the car but was using it only temporarily. We did not accept his view of it, and in that case we defined larceny and also the offense of unauthorized use in this language: "Larceny, as defined by our court, is the wrongful or fraudulent taking of personal goods of some intrinsic value, belonging to another, without his assent and with the intention to deprive the owner thereof permanently. The *animus furandi* must accompany the taking. But the wrongful taking of property in itself imports the *animus furandi*. *Vaughan* v. *Lytton*, 126 Va. 671, 101 S. E. 865.

"The offense of unauthorized use of an automobile is defined by statute. See Code, section 4480, and the later section 2154(94) of the Motor Vehicle Code. The later section provides, 'Any person who shall take, drive or use a motor vehicle, * * * not his own, without the consent of the owner thereof and in the absence of the owner, and with intent to temporarily deprive the owner thereof of his possession thereof, without intent to steal the same, shall be guilty of a misdemeanor * * *.' "

Our conclusion was that the distinction between larceny and the statutory offense of unauthorized use depended largely upon whether the accused intended to deprive the owner of his property permanently or temporarily.

In the case at bar the conduct of the defendant negatives any idea that he intended to deprive the owner of the car temporarily. He did not act prior to his arrest to indicate that he intended to return the car to the owner. On the other hand, his conduct and testimony disclose that he intended to deprive the owner of the car permanently. This is the only conclusion that can be reached from the evi-

dence. The circumstances under which the car was taken, and his actions regarding it afterwards, including his abandoning it in a public highway, show clearly that he was guilty of the offense of larceny and not of unauthorized use. We do not think that the instruction offered was proper, and the court did not commit error in refusing it.

The last assignment is directed to the action of the court in refusing the petitioner bail.

Under Code, 1942 (Michie), section 4930, it is provided, among other things, that in any case, after conviction and sentence, the court or the judge may, and in any case of misdemeanor, shall let the prisoner to bail. This section grants the power of bail to the judge or the court below, to be exercised under a reasonable discretion, and unless it appear to this court that such discretion has been abused, we will not disturb the action of the court. See *Judd* v. *Commonwealth*, 146 Va. 276, 135 S. E. 713. No abuse of discretion appears from the record in the case at bar.

For the errors pointed out, the judgment of the trial court is reversed, the verdict set aside, and the case remanded for a new trial.

*Reversed and remanded.*