## Richmond

JAMES W. BLANKS v. CHARLES E. GORDON.

November 28, 1960.

Record No. 5130.

Present, All the Justices.

The opinion states the case.

*John Y. Hutcheson* and *James S. Easley* (*Easley and Vaughan*, on brief), for the plaintiff in error.

*J. Segar Gravatt*, for the defendant in error.

I'ANSON, J., delivered the opinion of the court.

This is an action for malicious prosecution arising out of the acquittal of Charles E. Gordon, the plaintiff, on a warrant issued on complaint of James W. Blanks, the defendant, charging that the plaintiff, Charles E. Gordon, and another did "Unlawfully and feloniously, without the consent of the owner thereof and in the

absence of the owner, and with intent temporarily to deprive the owner of the possession thereof, in violation of Article 6, 18-220.1, use a motor vehicle."

A jury returned a verdict in favor of the plaintiff against the defendant in the amount of $1000, on which the court entered judgment, and the defendant is here on a writ of error and *supersedeas*.

The defendant contends that the evidence shows as a matter of law that the plaintiff was guilty of the offense charged in the warrant and that the court erred in refusing to strike the plaintiff's evidence and to set aside the verdict of the jury.

Under well established principles, all conflicts in the evidence having been settled by the verdict of the jury in favor of the plaintiff, the facts will be stated in the light most favorable to him.

On the morning of September 10, 1958, the defendant, James W. Blanks, an attorney of many years' practice, parked his automobile on the east side of Fourth street just south of its intersection with Main street, in the town of Clarksville. A brick wall was being erected along the property line of the residence located on the southeast corner of the aforementioned intersecting streets, and a workman suggested to the defendant that his car might get splattered with mortar where it was parked and requested that he move it. The defendant replied that if it did get splattered the workman would have to wash it. The car was not moved and the defendant proceeded to his office.

The owner of the building, who had obtained a permit from the proper town authorities for the construction work, requested the plaintiff, he being the chief of police of the town, to have the car moved as it was interfering with the progress of the work and creating a traffic hazard. Acting upon this request, the plaintiff called the defendant over the telephone and politely asked him to move the car, to which the defendant replied that he would "see about it."

An hour and a half later, the defendant not having moved the car, the plaintiff called him again and requested that he move it. The defendant became irritated and told the plaintiff, "You do something about the damn thing," and the plaintiff stated that this conversation ended with "Blanks slamming the telephone off in my face." The plaintiff then consulted the county judge relative to his course of action, who referred him to the mayor. The mayor was out of town, and, acting on instructions from the vice-mayor, the plaintiff obtained a wrecker which moved the car approximately 75 feet south on the same side of Fourth street, just far enough out of the way not to interfere with the progress of the construction work and to

eliminate the traffic hazard. While the wrecker was moving the car and lowering it for parking at the new location, the defendant was on the nearby corner and looked in the direction in which it was being moved and parked. Immediately after the car was moved the plaintiff went to the office of the defendant and informed him that his car had been moved to another parking place a short distance south on Fourth street. The defendant became angry and told the plaintiff, "Young man, you are going to put the damn car right back where it was." The plaintiff refused to move the car and he was told by the defendant that he would be arrested.

The plaintiff was arrested on a warrant issued by the county judge on complaint of the defendant, charging the plaintiff and the operator of the wrecker truck with the unathorized taking of the defendant's automobile, in violation of Code § 18-220.1. The county judge tried in vain to influence the defendant not to have the warrant issued, and called his attention to the fact that the charge was a felony. Upon the trial of the case in the county court Gordon and his co-defendant were found not guilty.

The defendant argues that from the foregoing statement of facts the plaintiff was as a matter of law guilty of a violation of § 18-220.1[1], Code of 1950, as amended, and that he cannot, therefore, maintain this action of malicious prosecution even though he was acquitted of the charge in the county court. (See *Horne* v. *Bridwell*, 193 Va. 381, 389, 68 S. E. 2d 535, 540, 541.) There is no merit in this argument.

Code § 18-220.1 defines the offense of unauthorized use of a motor vehicle, and reads as follows:

"*Unauthorized use of motor vehicle, trailer or semitrailer; consent; accessory or accomplice.—Any person who shall take, drive or use a motor vehicle,* trailer or semitrailer *not his own, without the consent of the owner thereof and in the absence of the owner, and with intent temporarily to deprive the owner thereof of his possession thereof, without intent to steal the same, shall be confined in the penitentiary* not less than one nor more than five years or, in the discretion of the jury or the court trying the case without a jury, confined in jail not exceeding twelve months and fined not exceeding five hundred dollars. The consent of the owner of a motor vehicle, trailer or semitrailer to

---

[1] This section was originally enacted in 1932, Acts of Assembly, 1932, ch. 342, § 47, p. 645, and amended as follows: Acts of Assembly 1936, ch. 327, p. 533; Acts of Assembly, 1952, ch. 475, p. 772, offense made a felony and punishment increased; Acts of Assembly, 1958, ch. 543, p. 805.

Now § 18.1-164, Code of 1950, 1960 Cum. Supp., Acts of Assembly, 1960, ch. 358, p. 447.

its taking, driving, or using shall not in any case be presumed or implied because of such owner's consent on a previous occasion to the taking, driving, or using of such motor vehicle, trailer or semi-trailer by the same or a different person. Any person who assists in, or is a party or accessory to, or an accomplice in, any such unauthorized taking, driving, or using shall be subject to the same punishment as if he were the principal offender." (Italics supplied.)

We have heretofore considered this statute in *Slater v. Commonwealth*, 179 Va. 264, 18 S. E. 2d 909, and *Robinson v. Commonwealth*, 190 Va. 134, 56 S. E. 2d 367.

In the *Slater* and *Robinson* cases, *supra*, we distinguished common law larceny from the statutory offense of unauthorized use of a motor vehicle and held "that the distinction between larceny and the statutory offense of unauthorized use depended largely upon whether the accused intended to deprive the owner of his property permanently or temporarily." *Robinson* v. *Commonwealth, supra*, 190 Va. at p. 143, 56 S. E. 2d at p. 372.

The gravamen of the statutory offense of unauthorized use is the wrongful or fraudulent taking, driving, or using of a motor vehicle *with intent temporarily to deprive* the owner of the possession of his property, and without the intent to steal the same. The intent with which a motor vehicle is taken determines the offense. *Slater* v. *Commonwealth, supra*, 179 Va. at p. 267, 18 S. E. 2d at pp. 910-911; *Robinson* v. *Commonwealth, supra*, 190 Va. at pp. 143-144, 56 S. E. 2d at pp. 371-372.

We have said many times that "When a statute makes an offense to consist of an act combined with a particular intent, that intent is just as necessary to be proved as the act itself, and must be found as a matter of fact before a conviction can be had; and no intent in law or mere legal presumption, differing from the intent in fact, can be allowed to supply the place of the latter." *Thacker* v. *Commonwealth*, 134 Va. 767, 770, 114 S. E. 504, 505; *Winckler* v. *Commonwealth*, 155 Va. 1146, 1150, 156 S. E. 364, 365; *Banovitch* v. *Commonwealth*, 196 Va. 210, 215-216, 83 S. E. 2d 369, 373.

The evidence shows that the plaintiff had the defendant's automobile moved only 75 feet, while in the performance of his duty as chief of police, and for the specific purpose of eliminating a traffic hazard. It was not moved until after the defendant had been fully informed of the necessity for moving it and he had been requested several times over a period of more than an hour and a half to move the car himself. Immediately after the car was moved, the plaintiff

went to the office of the defendant and informed him where it had been parked. It cannot be said the actions of the plaintiff show as a matter of law that he wrongfully or fraudulently intended to temporarily deprive the defendant of the possession of his automobile. Indeed, the evidence negatives any intent on the part of the plaintiff to deprive the defendant of the possession of his automobile for any period of time. The mere moving of the automobile is not controlling; it is the intent with which the car was moved, and such intent can only be ascertained from the facts, which presented a jury question, since intent cannot be presumed under the statute here involved.

The issue relating to the guilt or innocence of the plaintiff was submitted to the jury upon an instruction which told them that if they believed from the evidence that the plaintiff was guilty of the charge set out in the warrant their verdict should be for the defendant. The trial judge stated in his written opinion that he reluctantly gave this instruction, even though no objection was interposed by the plaintiff, since it did not contain the principle that the plaintiff's guilt must be proved beyond a reasonable doubt. By its verdict the jury found that the plaintiff was not guilty of the offense charged.

We hold that the evidence does not show as a matter of law that the plaintiff was guilty of the offense charged in the warrant and that the court properly submitted the case to the jury.

For the reasons given, the judgment of the court below is

*Affirmed.*