COURT OF APPEALS OF VIRGINIA


Present: Judges Willis, Bray and Senior Judge Hodges
Argued at Alexandria, Virginia


JOHN HENRY WEST
                                          MEMORANDUM OPINION[*]
v.      Record No. 0960-96-4        BY JUDGE WILLIAM H. HODGES
                                             APRIL 1, 1997
COMMONWEALTH OF VIRGINIA

            FROM THE CIRCUIT COURT OF PRINCE WILLIAM COUNTY
                    Herman A. Whisenant, Jr., Judge

        Mark A. Epstein (Law Offices of Mark Alan
        Epstein, on briefs), for appellant.

        Marla Graff Decker, Assistant Attorney
        General (James S. Gilmore, III, Attorney
        General, on brief), for appellee.


     Tried by a jury in Prince William County, John Henry West

(appellant) was found guilty of grand larceny of an automobile.

On appeal, appellant argues that the trial judge erred in

refusing to instruct the jury concerning the lesser included

offense of unauthorized use of a motor vehicle.  Finding no

error, we affirm appellant's conviction.

     "A reviewing court's responsibility in reviewing jury

instructions is 'to see that the law has been clearly stated and

that the instructions cover all issues which the evidence fairly

raises.'"  Darnell v. Commonwealth, 6 Va. App. 485, 488, 370

S.E.2d 717, 719 (1988) (quoting Swisher v. Swisher, 223 Va. 499,

503, 290 S.E.2d 856, 858 (1982)).  "[T]he appropriate standard of

_____

        [*]Pursuant to Code § 17-116.010, this opinion is not
designated for publication.

review requires that we view the evidence with respect to the refused instruction in the light most favorable to" appellant. Brandau v. Commonwealth, 16 Va. App. 408, 411, 430 S.E.2d 563, 564-65 (1993).

So viewed, the evidence showed that Paul Scanlon stopped at a gas station on his way to work on the morning of December 15, 1993. While Scanlon was inside the gas station, the attendant shouted that someone was stealing Scanlon's car. Scanlon looked out of the gas station and saw his vehicle, with appellant in the driver's seat, moving away. Appellant drove the vehicle around the building before exiting the gas station's property, giving Scanlon a second opportunity to view him inside the car. Scanlon did not know appellant and had not given him permission to use the vehicle.

While on patrol, Officer Arthur Dennis received a radio bulletin about Scanlon's stolen vehicle and spotted the car ten minutes later. Dennis pursued the vehicle, which reached speeds between seventy-five and eighty miles per hour and travelled northbound in southbound lanes. When Scanlon's vehicle struck a median, one of the front tires was flattened. The driver, whom Dennis identified as appellant, subsequently lost control of the vehicle again, flattening the other front tire. Allowing the vehicle to continue to roll, appellant got out of the car and fled. Dennis pursued appellant on foot and apprehended him.

In his own behalf, appellant testified that the police had

mistakenly apprehended him as the person who had stolen Scanlon's vehicle from the gas station. He said he had been riding in a car on his way to a job, but got out of the car and walked over an embankment to relieve himself. While he was urinating, someone rushed past him and over the embankment. The police officer who had been in pursuit of the other person tackled appellant instead. On cross-examination, appellant denied telling one of the officers on the scene that he had taken the car intending to drive it to the Metro station and leave it there. He also denied telling the officer that "[i]t's only unauthorized use."

In rebuttal, Dennis and another police officer testified that after he was apprehended appellant admitted taking the car, but said that he only had been trying to get to the Metro station.

"If any credible evidence in the record supports a proffered instruction on a lesser included offense, failure to give the instruction is reversible error. Such an instruction, however, must be supported by more than a scintilla of evidence." Boone v. Commonwealth, 14 Va. App. 130, 132, 415 S.E.2d 250, 251 (1992). "The determination whether the minimum quantum of credible evidence supports a particular proposition is largely a factor of determining the weight of that evidence in comparison to the weight of the other credible evidence that negates the proposition in question." Brandau, 16 Va. App. at 411-12, 430

S.E.2d at 565.

Appellant's trial testimony was wholly inconsistent with the statements he claims supported the instruction on unauthorized use. From the stand, appellant denied any involvement in the taking of Scanlon's vehicle. Appellant further denied making the statements about taking the car so that he could get to the Metro station.

In contrast to appellant's greatly disputed statements to the police, the Commonwealth's evidence proved that appellant stole Scanlon's car from a gas station in broad daylight and led the police on a high speed chase while he tried to elude them. After flattening two tires and losing control of the car, appellant abandoned the vehicle and fled on foot. When viewed in light of the Commonwealth's evidence, the asserted evidence of unauthorized use "pales to no more than a scintilla . . . ." Id. at 413, 430 S.E.2d at 565.

Moreover, appellant's statements to the police officers did not tend to establish the crime of unauthorized use of a motor vehicle.

> "The main difference between common law larceny and the statutory offense of unauthorized use is that in the former there must be an intent to deprive the owner of his property permanently, while in the latter the intent is to deprive the owner of possession of his automobile temporarily and without any intent to steal the same. The intent with which property is taken determines the offense."

Overstreet v. Commonwealth, 17 Va. App. 234, 236, 435 S.E.2d 906,

907–08 (1993) (quoting <u>Slater v. Commonwealth</u>, 179 Va. 264, 267, 18 S.E.2d 909, 910–11 (1942)).  "When one wrongfully takes property of another with intent to deprive the owner thereof, larceny is complete, though the accused afterwards abandons it."  <u>Slater</u>, 179 Va. at 267, 18 S.E.2d at 911.  <u>Cf.</u> <u>Briley v. Commonwealth</u>, 221 Va. 532, 544, 273 S.E.2d 48, 56 (1980) (evidence established intent to permanently deprive the victim of her automobile where the taking was contemporaneous with the victim's murder and the vehicle was later found abandoned and stripped of parts).

There was no evidence that appellant had any plans to return the car to Scanlon.  Appellant's statements to the police demonstrated an intent to abandon the vehicle at the Metro station.  Thus, appellant's statements did not support the theory that he intended to temporarily deprive Scanlon of his vehicle. Under these circumstances, the trial judge did not err in refusing to instruct the jury concerning unauthorized use.  <u>See</u> <u>Slater</u>, 179 Va. at 267, 18 S.E.2d at 911.

For the foregoing reasons, we affirm appellant's conviction.

<u>Affirmed</u>.