COURT OF APPEALS OF VIRGINIA

Present: Judges Baker, Bray and Overton
Argued at Norfolk, Virginia

LEO LAMONT VEREEN

                                      MEMORANDUM OPINION[*] BY
v.         Record No. 2809-96-1       JUDGE NELSON T. OVERTON
                                           OCTOBER 7, 1997
COMMONWEALTH OF VIRGINIA

             FROM THE CIRCUIT COURT OF THE CITY OF NEWPORT NEWS
                         Randolph T. West, Judge

            James S. Ellenson for appellant.

            Leah A. Darron, Assistant Attorney General
            (James S. Gilmore, III, Attorney General;
            H. Elizabeth Shaffer, Assistant Attorney
            General, on brief), for appellee.


     Leo Lamont Vereen (defendant) appeals his conviction for

possession of a handgun while being a felon.  He contends that

the trial court abused its discretion by continuing his trial,

sua sponte, after the Commonwealth had rested.  Because we find

no merit to this argument, we affirm.

     The parties are fully conversant with the record in the

cause, and because this memorandum opinion carries no

precedential value, no recitation of the facts is necessary.

     "A motion for a continuance . . . is addressed to the sound

discretion of the trial court whose decision will not be reversed

unless the record affirmatively shows an abuse of such

discretion."  Smith v. Commonwealth, 16 Va. App. 630, 634, 432

---

[*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

S.E.2d 2, 5 (1993) (citing <u>Shifflett v. Commonwealth</u>, 218 Va. 25, 30, 235 S.E.2d 316, 319 (1977)).  Defendant ascribes error to the distinction between the trial court granting a motion of the parties to continue the case and the court continuing the case by its own motion.  This is a distinction without a difference.  "A trial judge has the right, indeed it is his duty, when necessary for the fair and orderly administration of justice to participate in the trial and facilitate its progress."  <u>Skipper v. Commonwealth</u>, 195 Va. 870, 879, 80 S.E.2d 401, 406 (1954).  A trial court may even reopen the case after closing arguments have been made if it deems that justice so requires.  <u>See</u> <u>Robinson v. Commonwealth</u>, 190 Va. 134, 141, 56 S.E.2d 367, 370-71 (1949).  It surely has the power to continue a case to allow further evidence on a relevant issue even if the Commonwealth has rested.

We hold that the trial court did not abuse its discretion by continuing the case on its own.  Accordingly, we affirm defendant's conviction.

<u>Affirmed.</u>