COURT OF APPEALS OF VIRGINIA


Present:  Judges Coleman, Bray and Bumgardner
Argued at Norfolk, Virginia


FELICIA MAE SHEARIN
                                    MEMORANDUM OPINION[*] BY
v.   Record No. 1942-97-1      JUDGE RUDOLPH BUMGARDNER, III
                                       OCTOBER 6, 1998
COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF THE CITY OF NORFOLK
                    Everett A. Martin, Jr., Judge

            David H. Moyer (Bashara & Hubbard, on brief),
            for appellant.

            Linwood T. Wells, Jr., Assistant Attorney
            General (Mark L. Earley, Attorney General, on
            brief), for appellee.


     Felicia Mae Shearin was convicted of unauthorized use of a

motor vehicle.  On appeal she argues that the evidence was

insufficient to prove that she intended to deprive temporarily

the owner of possession of the vehicle.  Finding that the

evidence was sufficient, we affirm.

     The owner's husband borrowed the vehicle and went out

drinking beer with a friend on October 8, 1996.  Later in the

evening he lent it to two acquaintances of his friend.  When they

did not return the vehicle as promised, he reported the vehicle

stolen.  Later he told the police the truth that the vehicle had

been lent and not stolen.  Meanwhile, on October 11, 1996, a

Norfolk police officer recognized the car at a school parking

---

[*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

lot.

The passenger in the vehicle told the officer that the defendant was the driver and gave him her description. Just then the officer saw the defendant, who fit the description, walking toward the car from the school. On seeing the officer, she stopped, turned and started walking at a fast pace back to the school. A backup officer, who had arrived, ordered the defendant to come back, but she did not respond. He stopped her in the school building. The defendant first denied having any identification, but the officer retrieved her identification from her pocket.

After being advised of her rights, the defendant gave a confusing and vague story of how she got the car. She said that she had just obtained the car fifteen minutes earlier from a man whose name she did not know. Later she said his name was Desmond and described him. Then she maintained that she had known Desmond about two months and that he had rented the car and had permission to use it until the next day. The defendant professed that she did not know the car was stolen.

Where an appellant challenges the sufficiency of the evidence, we must view the evidence in the light most favorable to the Commonwealth, granting it all reasonable inferences fairly deducible from it. See Higginbotham v. Commonwealth, 216 Va. 349, 352, 218 S.E.2d 534, 537 (1975). We may not disturb a verdict unless it is "plainly wrong or without evidence to

support it." Stockton v. Commonwealth, 227 Va. 124, 145, 314 S.E.2d 371, 385, cert. denied, 469 U.S. 873 (1984).

The Commonwealth has the burden of proving that the defendant used the owner's vehicle, that the owner did not consent to the use, and that the defendant intended to keep the property temporarily from the owner. See Code § 18.2-102; Reese v. Commonwealth, 230 Va. 172, 174, 335 S.E.2d 266, 267 (1985); Blanks v. Gordon, 202 Va. 295, 298, 117 S.E.2d 82, 84-85 (1960). Unauthorized use of a vehicle is a lesser-included offense of larceny. See Overstreet v. Commonwealth, 17 Va. App. 234, 236, 435 S.E.2d 906, 908 (1993).

The only issue in this case is whether the Commonwealth proved that the defendant intended to keep the property temporarily from the owner. The defendant was found in recent, exclusive possession of the stolen vehicle. The inference of recent possession of stolen goods arises from proof of those two facts. This inference permits the trier of fact to find that the person found in possession was the thief of those goods. The inference is sufficient to convict unless other evidence or a credible explanation refutes it. The evidence shows that the defendant was not the thief. She was not one of the bailees who obtained the vehicle from the owner's husband and then failed to return it as promised. See Overstreet, 17 Va. App. at 237-38, 435 S.E.2d at 908-09. However, recent possession of stolen goods gives rise to a related inference.

When the Commonwealth charges someone with receiving stolen property, it must prove that the person in possession knew that the goods were stolen.  The trier of fact may infer that the person found in possession of recently stolen goods knew that the goods were stolen and that they were received with a dishonest intent.  See Reaves v. Commonwealth, 192 Va. 443, 451, 65 S.E.2d 559, 564 (1951).

The inference of guilty knowledge that arises would prove the intent necessary to establish the crime of unauthorized use.  The crime of receiving stolen property requires possession with knowledge the property is stolen.  The crime of unauthorized use requires use with the intent to keep the property temporarily from the owner.  The act of possession necessary for the one would embody the act of use necessary in the other.  Using a vehicle must mean that the person possessed the vehicle during use.  If the defendant used the vehicle, she possessed the vehicle.  The defendant used the vehicle, so she had to possess it while she used it.

The inference permits a finding that the defendant possessed the car with knowledge that it was stolen.  Possessing stolen property while knowing it is stolen must include the concept of keeping that item from the owner during the period it is possessed.  Possessing with guilty knowledge established that the defendant was keeping the car from the owner.

In this case, the inference that arises from the defendant's

possession of the recently stolen car is sufficient evidence of the intent element of this crime. The trier of fact may find that the element is proven unless the recent possession is explained. Other evidence or testimony by the defendant may supply the explanation. Here no evidence refutes the inference of guilty knowledge. The trial judge found that the defendant's explanations given to the police were incredible. She offered nothing at trial to explain or clarify her statements at the scene. Once the Commonwealth proves recent possession of stolen property, it falls to the defendant to explain her possession. If she fails to do so, the trier of fact may accept the inference as proof of the fact. See Roberts v. Commonwealth, 230 Va. 264, 271-72, 337 S.E.2d 255, 260 (1985).

The defendant's actions and statements at the scene permitted two additional inferences that support a finding of guilt. The defendant turned and tried to elude the police when she saw them at the vehicle. She ignored their calls to return, and when finally stopped, she stated falsely that she had no identification. The trier of fact may reasonably interpret these actions as flight, and an inference of guilt may arise from that finding. See Jones v. Commonwealth, 208 Va. 370, 374, 157 S.E.2d 907, 910 (1967).

The defendant gave conflicting and inherently incredible explanations to the police. At first, she had just obtained the vehicle from someone she did not know. Then she gave his first

name, and finally she volunteered some detail of her relation to him. The trier of fact may reasonably view as false these statements along with the false statements about her own identity and may draw an inference of guilt from them. See <u>Black v. Commonwealth</u>, 222 Va. 838, 842, 284 S.E.2d 608, 610 (1981).

The actions and statements of the defendant while she was in possession of the recently stolen vehicle are circumstantial evidence that she possessed the car with the intent to keep it temporarily from the owner. Though circumstantial evidence of guilt, it is evidence that is legally sufficient to sustain a conviction. The inferences are reasonable, and no hypothesis of innocence arises from the facts as found by the trial judge. Accordingly, we affirm the conviction.

<u>Affirmed.</u>