COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present:   Judges Humphreys, O'Brien and Raphael
Argued at Lexington, Virginia


CHARLES RAYMOND ARRINGTON

                                                MEMORANDUM OPINION* BY
v.        Record No. 0124-21-3                  JUDGE STUART A. RAPHAEL
                                                       APRIL 12, 2022

COMMONWEALTH OF VIRGINIA


                    FROM THE CIRCUIT COURT OF ALLEGHANY COUNTY
                                Edward K. Stein, Judge

              Charles S. Moore (Law Offices of John C. Singleton, on brief), for
              appellant.

              Rosemary V. Bourne, Senior Assistant Attorney General (Jason S.
              Miyares, Attorney General, on brief), for appellee.


        By all accounts, appellant Charles Raymond Arrington was a dedicated volunteer

firefighter.  But he knew he was not allowed to drive emergency vehicles unless expressly

authorized.  Which he was not.  One day, an emergency call went out, and the fire chief had

already left for the scene.  Eager to assist, Arrington jumped into the driver's seat of another fire

truck and started it up; two other volunteers hopped in.  But after backing up only a few feet,

Arrington sheared off a compartment door that had been inadvertently left open, causing $21,000

in damage to the truck.  Arrington's eagerness to help proved for naught, as the emergency call

was immediately canceled.  And the fire department did not view Arrington's efforts as a failed

good deed.  To the contrary, Arrington was charged and convicted at a bench trial of the

unauthorized use of the fire truck, in violation of Code § 18.2-102.

---

        * Pursuant to Code § 17.1-413, this opinion is not designated for publication.

Arrington's main argument on appeal cannot win him reversal because he knew he was not allowed to drive the truck. The trial court thus committed no error in concluding that Arrington drove the truck "without the consent of the owner." Code § 18.2-102.

Arrington's fallback argument has more force—that he lacked the intent under the statute to "temporarily . . . deprive the owner" of possession. *Id.* After all, Arrington maintains, he intended to *help* the fire department respond to the call, not steal the fire truck or take it for a joyride. We cannot reach that question, however, because it is not fairly presented in the assignment of error. So we must affirm his conviction.

BACKGROUND

Arrington is an emergency medical technician who has worked or volunteered as a firefighter for twenty years. The Clifton Forge Fire Department employed Arrington from August 2018 to February 2020. Driving emergency vehicles was part of his job. But the same day that Arrington learned that his driver's license had expired, the department found out too and terminated his employment. Arrington successfully renewed his driver's license the next day, but he did not reapply for his job. Instead, the department allowed him to stay on as a volunteer firefighter. Arrington volunteered for the Covington Fire Department too.

The Clifton Forge Fire Department had a well-established policy that volunteers could not drive emergency vehicles without explicit permission from Chief Jeremy Nicely and Superintendent Robert Boyd. Arrington admitted that he knew he was not allowed "to get behind the wheel and take [a fire truck] out and drive it."

On March 11, 2020, after hearing an alert about a fire at the Masonic Theater, Arrington drove his personal truck to the fire station to see if he could assist. By the time he got there, Chief Nicely and Superintendent Boyd had left for the scene. Two other volunteers also showed up to help—Frank Caldwell and Christian Harless.

Knowing that he was not allowed to drive the fire truck, Arrington got behind the wheel anyway and started it up to respond to the call. Caldwell and Harless jumped in to ride along. But a compartment door on the truck had been left open. And as Arrington backed out, the truck collided with the garage door, shearing off the compartment door.

Arrington was indicted for the unauthorized use of a vehicle belonging to the Clifton Forge Fire Department, in violation of Code § 18.2-102. At his bench trial, Arrington moved to strike the evidence, arguing that the Commonwealth failed to prove "any kind of deprivation" of possession or that Arrington had "the intent to deprive" the department of possession. The court denied the motion and found Arrington guilty as charged. The court sentenced him to twelve months' incarceration, all suspended, plus two years of unsupervised probation. Arrington was also ordered to pay $21,947.64 in restitution to the two insurance companies that had paid the department's property-damage claims.

We granted Arrington's petition for appeal, received merits briefing, and set this case for argument.

### STANDARD OF REVIEW

"We apply a deferential standard of review to challenges based on the sufficiency of the evidence, and the decision of '[t]he lower court will be reversed only if that court's judgment is plainly wrong or without evidence to support it.'" *Otey v. Commonwealth*, 71 Va. App. 792, 797 (2020) (alteration in original) (quoting *Cartagena v. Commonwealth*, 68 Va. App. 202, 207 (2017)). "[T]he relevant question is, upon review of the evidence in the light most favorable to the prosecution, whether *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Id.* (quoting *Smith v. Commonwealth*, 296 Va. 450, 460 (2018)).

ANALYSIS

"A conviction for unauthorized use of a vehicle under Code § 18.2-102 'requires proof of use without the consent of the owner with intent to deprive the owner of possession temporarily, but without intent to steal.'" *Id.* at 798 (quoting *Overstreet v. Commonwealth*, 17 Va. App. 234, 236 (1993)). The two elements relevant to this appeal are apparent in the text of the statute itself, which makes it a crime for any person to drive a vehicle "not his own, [1] without the consent of the owner thereof and in the absence of the owner, and [2] with intent temporarily to deprive the owner thereof of his possession." Code § 18.2-102 (numbering added).[1]

The evidence satisfied the first element. The Commonwealth needed to prove use "without consent of the owner." *Id.*; *Otey*, 71 Va. App. at 798 (same). When asked at trial, "you knew at that time you weren't authorized to drive the fire trucks," Arrington answered, "Yes sir." That concession showed that Arrington drove the truck without the department's consent.

Whether the Commonwealth proved the second element—that Arrington *intended* to temporarily deprive the department of possession—is a much closer question. "The intent with which a motor vehicle is taken determines the offense." *Blanks v. Gordon*, 202 Va. 295, 298 (1960). As the Supreme Court noted more than sixty years ago in *Blanks*, when a statute requires proof of "a particular intent," proof of that intent "must be found as a matter of fact before a conviction can be had; and no intent in law or mere legal presumption, differing from the intent in fact, can be allowed to supply the place of the latter." *Id.* (quoting *Thacker v. Commonwealth*, 134 Va. 767, 770 (1922)). In *Blanks*, for instance, the evidence supported the jury's finding that a police chief did not violate the unauthorized-use statute by towing a car that was blocking a construction site. *Id.* Even though the police chief moved the car without the

---

[1] If the vehicle is worth $1,000 or more, the crime is a Class 6 felony. Code § 18.2-102. Arrington does not dispute that the fire truck was worth more than $1,000.

owner's consent, there was no evidence he "intended to temporarily deprive" the owner of possession. *Id.* at 298-99. "The mere moving of the automobile is not controlling; it is the intent with which the car was moved, and such intent can only be ascertained from the facts, which presented a jury question, since intent cannot be presumed under the statute here involved." *Id.* at 299.

The parties have not cited *Blanks*. They have instead cited cases typically involving defendants who used vehicles for their own purposes after being entrusted with possession for a limited purpose. *E.g.*, *Otey*, 71 Va. App. at 795-97 (defendant entrusted with vehicle to repair it but then used it to tow his own vehicle, a purpose "not beneficial to the owner"); *Overstreet*, 17 Va. App. at 235 (defendant permitted to borrow his co-worker's truck to go to lunch but then failed to return it). At oral argument, the Commonwealth could not identify a Virginia case upholding the conviction of a defendant for unauthorized use when using the vehicle *to benefit the principal*, as Arrington claims to have been doing here. Still, the Commonwealth maintained that a defendant's intent to deprive the owner of possession may be inferred from the natural and probable consequence of using the vehicle without permission. *E.g.*, *Commonwealth v. Perkins*, 295 Va. 323, 330 (2018).

While it is a significant question, we are unable to decide if the unauthorized use of a vehicle for the principal's benefit can negate the intent-to-deprive element because that question is not preserved in Arrington's assignment of error. As Rule 5A:20(c)(1) provides, "Only assignments of error listed in the brief will be noticed by this Court." Arrington assigned error to the trial court's denial of his motion to strike, but solely on the ground that "the evidence showed conclusively that defendant did not ever deprive the owner of possession of the vehicle." But as *Blanks* shows, *intent* to deprive is a separate element from deprivation of possession, and it is not

fairly encompassed in Arrington's assignment of error.  Indeed, the Commonwealth elected not to brief Arrington's intent-to-deprive argument, resting instead on the procedural default.

Because "we are 'limited to reviewing the assignments of error presented by the litigant,'" we "cannot 'consider issues touched upon by [the appellant]'s argument but not encompassed by his assignment of error.'"  *Riddick v. Commonwealth*, 72 Va. App. 132, 146 (2020) (quoting *Banks v. Commonwealth*, 67 Va. App. 273, 289, 290 (2017)).  As a result, we cannot reach Arrington's argument that the Commonwealth failed to prove that he intended to deprive the department of temporary possession.

CONCLUSION

We find no basis to set aside the conviction.

*Affirmed.*