**Salem**

CARLTON ALFORD OVERSTREET

v.

COMMONWEALTH OF VIRGINIA

No. 0813-92-3

Decided October 19, 1993

COUNSEL

Maureen L. White (Office of the Public Defender, on briefs), for appellant.

Eugene Murphy, Assistant Attorney General (Stephen D. Rosenthal, Attorney General, on brief), for appellee.

OPINION

**KOONTZ, J.**—Carlton Alford Overstreet (Overstreet) appeals from his conviction pursuant to Code § 18.2-102 for the unauthorized use of a motor vehicle. Overstreet contends that, as he originally had consensual possession of the vehicle, his retention of the vehicle beyond the time agreed to by its owner amounted to a simple conversion rather than a trespassory taking. Whether Code § 18.2-102 is applicable where the defendant's possession or use of a motor vehicle was initially authorized by the owner, but possession or use of it thereafter extended beyond the scope of the owner's consent, is an issue of first impression in this Commonwealth. Instructed by similar cases in other jurisdictions and by prior construction of the statute by the courts of this Commonwealth, we find that Code § 18.2-102 applies to the circumstances of this case, and, accordingly, we affirm Overstreet's conviction.

On October 21, 1991, Thomas Wood (Wood) and Overstreet were working together. Wood allowed Overstreet to use Wood's truck in the early afternoon so that Overstreet could take a lunch break. Wood told Overstreet to bring the truck back within thirty to thirty-five minutes, the usual time allowed for lunch. When Overstreet had not returned by 6:00 p.m., Wood called the police to report his vehicle stolen. At 2:44

a.m. the next morning, the police apprehended Overstreet in Wood's truck.

■ Under Code § 18.2-102, a conviction of unauthorized use of a vehicle requires proof of use without the consent of the owner with intent to deprive the owner of possession temporarily, but without intent to steal. *Reese v. Commonwealth,* 230 Va. 172, 174, 335 S.E.2d 266, 267 (1985). "The main difference between common law larceny and the statutory offense of unauthorized use is that in the former there must be an intent to deprive the owner of his property *permanently,* while in the latter the intent is to deprive the owner of possession of his automobile *temporarily* and without any intent to steal the same. The intent with which property is taken determines the offense." *Slater v. Commonwealth,* 179 Va. 264, 267, 18 S.E.2d 909, 910-11 (1942). Common law larceny, and its statutory lesser included offenses, require a trespassory taking. *Maye v. Commonwealth,* 213 Va. 48, 49, 189 S.E.2d 350, 351 (1972).

■ Overstreet argues that when he retained possession after the agreed upon terms of his use had expired, he could not be guilty of larceny or the lesser included offense of unauthorized use because his taking was not trespassory. We disagree.

[I]f one, without an intent to steal, comes lawfully into possession of the goods of another with his consent, a subsequent felonious conversion of them to his own use without the owner's consent does not constitute larceny, unless it occurs after the possession, actual or constructive, has in some way revested in the owner. . . . *A felonious conversion of another's property by one having bare charge or custody of it involves a trespass and constitutes larceny.*

50 Am. Jur. 2d *Larceny* § 23 (1970) (emphasis added) (footnotes omitted). Thus, where the owner gives consent to a temporary possession or a possession for a limited purpose, the expiration of that qualification creates a constructive revestment of possession in the true owner with "bare charge or custody" in the other person. A violation of the owner's possessory right constitutes a trespassory taking.

Application of this principle extends beyond the crime of larceny to the lesser offense of unauthorized use of a motor vehicle, a precept recognized in commentaries and the case law of other jurisdictions:

The offense of taking, using, or operating a motor vehicle without the owner's consent may be committed by one whose original possession of the vehicle was lawful, but who subsequently uses the vehicle for his own purposes without the consent of the owner. For example, the offense may be committed by an employee of the owner of a motor vehicle in using the vehicle for his own purposes not connected with the purposes for which the vehicle had been entrusted to him or in using the vehicle contrary to the instructions of the owner.

7A Am. Jur. 2d *Automobiles and Highway Traffic* § 349 (1980) (footnotes omitted).

In *State v. Rose*, 589 N.E.2d 1315 (Ohio 1992), the Ohio Supreme Court considered the application of Ohio Revised Code § 2913.03(A) (Anderson 1992) under an almost identical set of facts.[1] In *Rose*, the defendant failed to return a vehicle he had borrowed to travel to and from work. The owner instructed Rose to return the vehicle "that night." 589 N.E.2d at 1316. The Ohio Supreme Court interpreted the legislative intent behind the phrase "without the owner's consent" to include uses beyond the scope of the consent. *Id.* at 1318.

Similarly, in *Jones v. State*, 498 A.2d 622 (Md. 1985), the Maryland Court of Appeals found that, following the termination of a bailment, the use of the property by the former bailee constituted a trespassory taking because possession of the property had constructively revested in the owner. 498 A.2d at 623. *See also Bass v. State*, 138 N.W.2d 154, 157 (Wis. 1965) (holding that permission to use a vehicle for one purpose cannot, under any reasonable interpretation, be construed as implied consent to take the vehicle to an unknown destination on an errand completely non-beneficial to owner and completely unrelated to the purpose for which possession of vehicle was given); *State v. Cusack*, 89 A. 216, 216-17 (Del. 1913) (unauthorized use statute was designed to protect owners of automobiles and the public at large from any unauthorized use). *But see People v. Hayward*, 338 N.W.2d 549, 553-55 (Mich. Ct. App. 1983) (where legislature provides separately for crimes of trespassory and non-trespassory unauthorized use of a vehicle, one who takes automobile with the owner's consent but then uses it in excess of permission granted has

---

[1] Although not facially identical to Code § 18.2-102, Ohio Rev. Code § 2913.03(A) operates to the same effect and under identical circumstances. *See* Ohio Rev. Code Ann. § 2913.03 (Anderson 1992).

not committed a trespassory taking). The reasoning of these authorities is sound and, accordingly, we conclude that where an act violates the specific scope or duration of consent to use a vehicle, a trespassory taking contemplated by Code § 18.2-102 occurs.[2]

In this instance, Overstreet had the consent of the owner to use the vehicle for a limited purpose and for a limited period of time. Overstreet exceeded both of these limitations. In so doing, his use of the vehicle constituted a trespassory taking. Accordingly, we find that the Commonwealth established a *prima facie* case of unauthorized use of an automobile and that the record supports by sufficient evidence Overstreet's conviction.

*Affirmed.*

Elder, J., and Fitzpatrick, J., concurred.

---

[2] This is not to say that in every instance where a person is in possession of property with the owner's consent, an unanticipated use constitutes a trespass. *See, e.g.,* 7A Am. Jur. 2d *Automobiles and Highway Traffic* §§ 348-49 (1980) (no larceny or unauthorized use where rented car not returned on time); *State v. Robinson,* 145 S.E. 383, 384 (W. Va. 1928) (an out-of-state trip taken while car was borrowed for general use was not unauthorized). *See generally* Annotation, *Unauthorized Use of Another's Property by One Lawfully in Possession There of as Larceny,* 62 A.L.R. 354 (1929). Our focus is strictly on acts that violate the owner's express limitations of the scope or duration of the consent given.