COURT OF APPEALS OF VIRGINIA

Present:  Judges Baker, Bray and Overton
Argued at Norfolk, Virginia


RAYMOND ELEY

                                    MEMORANDUM OPINION[*]
v.         Record No. 2526-95-1    BY JUDGE JOSEPH E. BAKER
                                        MARCH 11, 1997
COMMONWEALTH OF VIRGINIA

            FROM THE CIRCUIT COURT OF THE CITY OF SUFFOLK
                     Westbrook J. Parker, Judge

            Timothy E. Miller, Public Defender, for
            appellant.

            Kimberley A. Whittle, Assistant Attorney
            General (James S. Gilmore, III, Attorney
            General, on brief), for appellee.


     Raymond Eley (appellant) appeals his bench trial conviction

for unauthorized use of a motor vehicle in violation of Code

§ 18.2-102.  Appellant contends that the evidence was

insufficient to convict him.  For the reasons which follow, we

affirm.

     "On appeal, we review the evidence in the light most

favorable to the Commonwealth, granting to it all reasonable

inferences fairly deducible therefrom."  Martin v. Commonwealth,

4 Va. App. 438, 443, 358 S.E.2d 415, 418 (1987).  Viewed

accordingly, the facts are as follows:

     Between 8:30 p.m. and 9:00 p.m. on April 7, 1995, appellant

asked to borrow Robert E. Parson's (Parson) car.  Parson lent the

---

[*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

car with the understanding that someone other than appellant would be operating the car. Parson gave appellant the car keys and told appellant to have the car back by 3:00 a.m. on April 8, 1995. Appellant did not return the car by 3:00 a.m. on April 8, 1995, and did not telephone Parson to explain where he was. When appellant eventually returned the car to Parson at 11:30 p.m. on April 8, he told Parson that he had broken down on the way back from Washington D.C.

Appellant's story changed at trial. Appellant testified that he and three friends drove from Suffolk to Richmond on April 7. The trip took about two hours, and the group arrived a few minutes after 11:00 p.m. The group waited for someone at a bus station in Richmond for about one and one-half hours before beginning the return trip to Suffolk. Appellant claimed that the car broke down about thirty-five minutes into the return trip. Appellant could not specify where the breakdown occurred. He said that a tow truck passed and the tow truck operator offered to tow the car and to repair it the following morning.

By 6:00 a.m. on April 8, the repairs were complete. The group resumed the trip to Suffolk and arrived at 6:00 p.m. on April 8. Appellant's only explanation for the twelve-hour duration of the trip from Richmond to Suffolk which normally took two hours was that the group got lost.

Appellant testified that he went to Parson's home three times on the evening of April 8 in an effort to return the car

- 2 -

but did not see Parson until he encountered him on the street at 11:30 p.m. and returned the car.  Parson had been home all day except for the intervals from 10:00 a.m. to 10:30 a.m. and from 10:30 p.m. to 11:30 p.m.  In addition, Parson's mother was home the entire day.

Permissive use may develop into unauthorized use where the borrower's acts exceed the scope or duration of the owner's consent to use his or her vehicle.  Overstreet v. Commonwealth, 17 Va. App. 234, 435 S.E.2d 906 (1993).  Where, as here, an owner gives another consent to temporary possession for a limited time, the expiration of that qualification extinguishes the borrower's rightful possession.  Continued possession by the borrower is a violation of the owner's possessory right and constitutes a trespassory taking.  Id.

Parson had given appellant permission to use his automobile on the express condition that the car be returned by 3:00 a.m. on April 8.  Appellant retained possession of the car until 11:30 p.m. on April 8.  A prima facie case of unauthorized use has been established where the evidence shows that the borrower's use of the vehicle exceeded the scope and duration of the owner's consent.  See Overstreet, 17 Va. App. at 234, 435 S.E.2d at 906.

The trial court heard appellant's evidence and concluded that "[h]e didn't have a right to do what he did and he's guilty of unauthorized use of a motor vehicle."  The trial court took specific note that neither appellant nor his witness could

- 3 -

account for the over twelve-hour duration of the trip from Richmond to Suffolk when appellant admitted that the trip should have taken only two hours.  Appellant's version of the events surrounding the borrowing of the car was internally inconsistent, inconsistent with his own witness' testimony, and inconsistent with Parson's testimony.  "The weight which should be given to evidence and whether the testimony of a witness is credible are questions which the fact finder must decide."  Bridgeman v. Commonwealth, 3 Va. App. 523, 528, 351 S.E.2d 598, 601 (1986). The record before us supports the trial court's conclusion.

Accordingly, the trial court's decision is affirmed.

Affirmed.