COURT OF APPEALS OF VIRGINIA

Present:  Judges Bray, Overton and Senior Judge Duff
Argued at Alexandria, Virginia


EDWARD ARDALE BRAME
                                MEMORANDUM OPINION[*] BY
v.      Record No. 2381-97-4     JUDGE CHARLES H. DUFF
                                  NOVEMBER 3, 1998
COMMONWEALTH OF VIRGINIA


              FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
                    J. Howe Brown, Jr., Judge

          Bobby B. Stafford (Kathryn E. Coward; The Law
          Offices of Raby & Stafford, on brief), for
          appellant.

          Marla Graff Decker, Assistant Attorney
          General (Mark L. Earley, Attorney General, on
          brief), for appellee.


     Edward Ardale Brame (appellant) was convicted of grand

larceny.  He contends on appeal that the Commonwealth failed to

prove an intent to permanently deprive and a wrongful taking,

both essential elements of larceny.  We disagree and affirm the

conviction.

                              I.

     Appellant, through his company, Sterling Corporation, bought

computers, fax machines, and printers for MCI.  Such equipment

was shipped directly to MCI.  On November 27, 1996, appellant

visited the MCI office located at Tyson's Corner.  While there,

he borrowed a "Compaq LT 5300" laptop computer, worth over

$5,400, from MCI employee Ernest Lease.

---

        [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

Appellant and Lease were longtime business associates and personal friends.  Lease testified that he did not place any restrictions on appellant's use of the computer because, in light of their friendship, he felt it unnecessary.  According to Lease, appellant had never before removed an MCI computer from the building.  On November 27, 1996, however, appellant took the computer from MCI's building.

Around January 1, 1997, Eric Donaldson, who was responsible for tracking approximately 400 computers for MCI, discovered that the laptop computer taken by appellant was missing.  Donaldson and Lease notified Jeff Pomerantz, the manager at MCI responsible for computer inventory, of the missing computer.  Pomerantz contacted Scott Marion, internal investigator for MCI, and they contacted the police.  Pomerantz called appellant's business several times between November and late January and left messages regarding another matter.  Appellant did not contact Pomerantz.

On January 29, 1997, appellant took MCI's laptop computer to the Maryland Exchange, a pawn shop.  He provided the computer, and another one, as collateral for a $2,000 loan.  When pawn shop employee Gregory Daymude "brought up the system," it showed appellant as the registered owner.  The pawn shop was required by Maryland law to file a "second hand" property report.  Daymude noted the serial numbers of the two computers on the report and noted next to the serial number of the computer belonging to MCI, "registered to Edward Ardale Brame."

In mid-February, Investigator Walter of the Montgomery County (Maryland) Police Pawn Unit, notified Marion that the computer had been pawned.  Walter seized the computer from the pawn shop and turned it over to Detective Little of Fairfax County.  Pomerantz left a telephone message for appellant, asking about the pawned computer.  Appellant contacted MCI and said that the computer had been pawned.  Appellant came to MCI on February 13, 1997, but did not return the computer.

Detective Little spoke with appellant on February 19, 1997.  Appellant told Little that he had borrowed a computer from Lease to send e-mail messages.  Appellant said that when he had finished sending messages, Lease was gone.  Appellant said that he did not want to leave the computer unattended, so he took it with him for "safe keeping."  Appellant told Little that he kept it for two to three months and, in February, when he needed money to go to Tennessee, he pawned the computer to have money for the trip.  According to appellant, he intended to retrieve the computer from the pawn shop when he returned from the trip.

Appellant returned to the pawn shop on February 28, 1997 and paid $200 interest to extend the loan for thirty days.  On March 26, 1997, appellant paid the pawn shop $1,070 in interest and principal.

Lease, who was called as a witness for appellant, testified that appellant was not authorized to take the computer away from MCI and pawn it.  Lease testified that from late November to

- 3 -

mid-February, appellant never contacted him. Pomerantz and Marion testified that appellant did not have permission to take the computer or pawn it.

II.

"On appeal, 'we review the evidence in the light most favorable to the Commonwealth, granting to it all reasonable inferences fairly deducible therefrom.'" Archer v. Commonwealth, 26 Va. App. 1, 11, 492 S.E.2d 826, 831 (1997) (citation omitted).

Although regulated by statute, under Code § 18.2-95, the crime of larceny is a common law offense.[1] See Welch v. Commonwealth, 15 Va. App. 518, 521, 425 S.E.2d 101, 104 (1992).

It is defined as follows:

> "[T]he wrongful or fraudulent taking of personal goods of some intrinsic value, belonging to another, without his assent, and with the intention to deprive the owner thereof permanently. The animus furandi must accompany the taking, but the wrongful taking of property in itself imports the animus furandi."

Id. at 521-22, 425 S.E.2d at 104 (quoting Dunlavey v. Commonwealth, 184 Va. 521, 524, 35 S.E.2d 763, 764 (1945)).

Thus, the Commonwealth must prove that the accused took the property with "the intention to deprive the owner permanently of his possession of the goods." Id. at 524, 425 S.E.2d at 105. Intent may be proved by circumstantial evidence. See Wilson v.

---

[1]Pursuant to Code § 18.2-95, grand larceny is "simple larceny not from the person of another of goods and chattels of the value of $200 or more . . . ."

- 4 -

Commonwealth, 249 Va. 95, 101, 452 S.E.2d 669, 673-74 (1995). In determining whether the Commonwealth has proven a specific intent, "the factfinder may consider the conduct of the person involved and all the circumstances revealed by the evidence." Wynn v. Commonwealth, 5 Va. App. 283, 292, 362 S.E.2d 193, 198 (1987).

Larceny also involves a "trespassory" taking. See Overstreet v. Commonwealth, 17 Va. App. 234, 236, 435 S.E.2d 906, 908 (1993). In Pritchard v. Commonwealth, 225 Va. 559, 303 S.E.2d 911 (1983), the Supreme Court of Virginia held that "[t]he owner of personal property may deliver it to another upon conditions, or in circumstances, which give the recipient bare custody of the property. Constructive possession remains in the owner." Id. at 562, 303 S.E.2d at 913 (emphasis added). The Court in Pritchard, gave as an example "a watch handed to a friend to time a race, the owner expecting its return at the end of the race." Id. "'A felonious conversion of another's property by one having bare charge or custody of it involves a trespass and constitutes larceny.'" Overstreet, 17 Va. App. at 236, 435 S.E.2d at 908 (quoting 50 Am. Jur. 2d Larceny § 23 (1970)).

### III.

Despite appellant's claims to the contrary, the circumstantial evidence, particularly appellant's conduct, established that he intended to permanently deprive MCI of the

laptop computer.

Appellant "borrowed" the laptop computer on November 27, 1996, to access his e-mail.  He took the computer from the building on that date, allegedly for safe keeping.  After November 27, 1996, however, appellant did not attempt to return the computer to its owners or even contact MCI employees about his possession of the computer.[2]

Instead, appellant altered the computer to show that it was registered to him.  Then, after keeping the computer for two months, he took it, as if he owned it, and pawned it to finance a trip to Tennessee.  Appellant acknowledged his actions only when confronted with the theft.  His conduct proved larcenous intent.

The evidence also established the element of wrongful taking.  Although Lease did not place any explicit restrictions on appellant's use of the computer, the circumstances under which appellant received the computer gave him bare charge or custody of the property.  He received MCI's computer, while at MCI's building, in order to access his e-mail.  Just as the example in Pritchard of a watch loaned to a friend to time a race, the owner expecting its return at the end of the race, the computer's owner expected return of the computer when appellant finished using it for e-mail.  Appellant's retention of the computer for months,

---

[2]In appellant's statement to Detective Little, he said that he had attempted to return the computer to Lease on November 27.  However, because Lease had left the office for the day, appellant took the computer with him.

his alteration of the computer to show he was the registered owner, and his pawning of the computer to finance his personal trip, constituted "a felonious conversion" of the property "by one having bare charge or custody."  <u>Overstreet</u>, 17 Va. App. at 236, 435 S.E.2d at 908.

The evidence was sufficient to prove beyond a reasonable doubt that appellant was guilty of grand larceny of the computer.  Accordingly, we affirm the conviction.

<u>Affirmed.</u>