COURT OF APPEALS OF VIRGINIA


Present:  Chief Judge Fitzpatrick, Judges Coleman and Lemons


WILLIAM ST. JOHN MAGGI

                                    MEMORANDUM OPINION* BY
v.    Record No. 1660-98-3         JUDGE DONALD W. LEMONS
                                         JUNE 1, 1999
COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF PITTSYLVANIA COUNTY
                  William N. Alexander, II, Judge

            (Jesse W. Meadows, III, on brief), for
            appellant.  Appellant submitting on brief.

            (Mark L. Earley, Attorney General; H.
            Elizabeth Shaffer, Assistant Attorney
            General, on brief), for appellee.  Appellee
            submitting on brief.


     William St. John Maggi appeals his conviction in a bench

trial of unauthorized use of a vehicle in violation of Code

§ 18.2-102.  On appeal he contends that the evidence was not

sufficient to prove beyond a reasonable doubt that he had the

intent to temporarily deprive the owner of the use of the

vehicle.  We disagree and affirm the conviction.

                          I.  BACKGROUND

     William Maggi had known Teresa Haynes for approximately

three months.  They had lived together at her home in Hurt,

Virginia, for approximately ten days as of September 3, 1996.

On that morning Maggi and Haynes left her home at 9:30 a.m. for

---

     *Pursuant to Code § 17.1-413, recodifying Code § 17-116.010,
this opinion is not designated for publication.

her job in Lynchburg.  She gave him permission to use the car during the day for errands, and he was to pick her up at work at 10:00 p.m.  He never requested permission to drive her car to Washington, D.C.

At approximately 9:45 p.m. that evening, Maggi called Haynes at work.  When she told him to pick her up at 10:00 p.m., "he said he would be there in ten minutes" but he never appeared because he was drunk and was in Washington, D.C.  Haynes did not see her car again until the following evening.  Maggi returned the car to her driveway at 11:00 p.m. on September 4, 1996.

## II.  SUFFICIENCY OF THE EVIDENCE

Where the sufficiency of the evidence is an issue on appeal, an appellate court must view the evidence and all reasonable inferences fairly deducible therefrom in the light most favorable to the Commonwealth.  See Cheng v. Commonwealth, 240 Va. 26, 42, 393 S.E.2d 599, 608 (1990).

Maggi admitted that instead of picking Haynes up at work as they had agreed, he "took it upon [himself]" to drive to Washington, D.C.  He stated that he thought he could return in time to meet Haynes at work, but instead, he got drunk, lied to her on the telephone concerning his location, and remained in Washington, D.C. with her car.  Maggi maintains that his conduct was "stupid" but not criminal.

"Under Code § 18.2-102, a conviction of unauthorized use of a vehicle requires proof of use without the consent of the owner

-

with intent to deprive the owner of possession temporarily, but without intent to steal." Overstreet v. Commonwealth, 17 Va. App. 234, 236, 435 S.E.2d 906, 907 (1993) (citation omitted). The evidence clearly demonstrates that Maggi's use of the car exceeded the permission he had received for its use. His voluntary decision to drive the car to Washington, D.C., become intoxicated, and deceive the owner about where he was located with her car only fifteen minutes before he was due to return the car supports the trial court's finding of criminal intent to temporarily deprive the owner of the use of the vehicle. The conviction is affirmed.

Affirmed.