COURT OF APPEALS OF VIRGINIA


Present: Judges Frank, Humphreys and Agee
Argued at Chesapeake, Virginia


JERMAINE ORSON YANCEY

                                    MEMORANDUM OPINION[*] BY
v.    Record No. 2647-01-2      JUDGE ROBERT J. HUMPHREYS
                                         JULY 30, 2002
COMMONWEALTH OF VIRGINIA


              FROM THE CIRCUIT COURT OF HANOVER COUNTY
                   John Richard Alderman, Judge

         L. Willis Robertson, Jr. (Cosby & Robertson,
         on brief), for appellant.

         Donald E. Jeffrey, III, Assistant Attorney
         General (Jerry W. Kilgore, Attorney General;
         Jennifer R. Franklin, Assistant Attorney
         General, on brief), for appellee.


     Jermaine Orson Yancey appeals his conviction, after a bench

trial, for grand larceny, in violation of Code § 18.2-95.  Yancey

contends the evidence was insufficient as a matter of law to

support the conviction.

     Specifically, Yancey argues there was no evidence to

establish an unlawful taking, nor that he intended to steal the

car.  For the reasons that follow, we affirm the judgment of the

trial court.

_____

     * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.  Further, because this memorandum
opinion has no precedential value, we recite only those facts
necessary to our holding.

Code § 18.2-95 provides as follows, in pertinent part:

> Any person who (i) commits larceny from the person of another of money or other thing of value of $5 or more, (ii) commits simple larceny not from the person of another of goods and chattels of the value of $200 or more, or (iii) commits simple larceny not from the person of another of any firearm, regardless of the firearm's value, shall be guilty of grand larceny.

"Larceny . . . is the wrongful or fraudulent taking of personal goods of some intrinsic value, belonging to another, without his assent and with the intention to deprive the owner thereof permanently.  The animus furandi must accompany the taking.  But the wrongful taking of property in itself imports the animus furandi."[1]

Thus, the Commonwealth must prove that Yancey took Gerald Sykes' 1999 Cadillac Escalade with the intention to deprive Sykes permanently of his possession of it.[2]  However, intent may, and often must, be proved by circumstantial evidence.[3]  Thus, in determining whether the Commonwealth has proven a specific intent,

---

[1] Slater v. Commonwealth, 179 Va. 264, 266, 18 S.E.2d 909, 910 (1942).

[2] Welch v. Commonwealth, 15 Va. App. 518, 521-22, 425 S.E.2d 101, 104 (1992).

[3] See Wilson v. Commonwealth, 249 Va. 95, 101, 452 S.E.2d 669, 673-74 (1995).

-

"the factfinder may consider the conduct of the person involved and all the circumstances revealed by the evidence."[4]

Under the circumstances of this case, it is necessary to first recognize that larceny also involves a "trespassory" taking.[5]  In <u>Pritchard v. Commonwealth</u>, 225 Va. 559, 303 S.E.2d 911 (1983), the Supreme Court of Virginia held that "[t]he owner of personal property may deliver it to another upon conditions, or in circumstances, which give the recipient bare custody of the property.  [However,] [c]onstructive possession remains in the owner."[6]  For example, "a watch handed to a friend to time a race, the owner expecting its return at the end of the race."[7]  "'A felonious conversion of another's property by one having bare charge or custody of it involves a trespass and constitutes larceny.'"[8]

---

[4] <u>Wynn v. Commonwealth</u>, 5 Va. App. 283, 292, 362 S.E.2d 193, 198 (1987).

[5] <u>See Overstreet v. Commonwealth</u>, 17 Va. App. 234, 236, 435 S.E.2d 906, 908 (1993).

[6] 225 Va. at 562, 303 S.E.2d at 913.

[7] <u>Id.</u>

[8] <u>Overstreet</u>, 17 Va. App. at 236, 435 S.E.2d at 908 (quoting 50 Am. Jur. 2d <u>Larceny</u> § 23 (1970)); <u>see</u> <u>also</u> Code § 18.2-117, which states, in relevant part:

> If any person comes into the possession as
> bailee of any animal, aircraft, vehicle,
> boat or vessel, and fail to return the same
> to the bailor, in accordance with the
> bailment agreement, he shall be deemed
> guilty of larceny thereof and receive the

-

Despite Yancey's claims to the contrary, the circumstantial evidence, particularly Yancey's conduct, established that he intended to permanently deprive Sykes of the Cadillac.  Yancey took the car to wash it, as directed, but did not attempt to return the Cadillac to Sykes or even contact Sykes about his possession of the car, prior to embarking upon a trip to New York in the car.  Accordingly, we find the evidence sufficient to establish larceny and affirm the judgment of the trial court.

<u>Affirmed.</u>

---

same punishment, according to the value of the thing stolen, prescribed for the punishment of the larceny of goods and chattels.

-