COURT OF APPEALS OF VIRGINIA

Present:  Judges Frank, Beales and Senior Judge Clements
Argued at Richmond, Virginia

UNPUBLISHED

RONNIE MATTHEW COUSINS

                                                 MEMORANDUM OPINION[*] BY

v.      Record No. 2322-13-2         JUDGE JEAN HARRISON CLEMENTS
                                                   SEPTEMBER 30, 2014

COMMONWEALTH OF VIRGINIA

FROM THE CIRCUIT COURT OF CHESTERFIELD COUNTY
Steven C. McCallum, Judge

David S. Clements (Gordon, Dodson, Gordon & Rowlett, on briefs),
for appellant.

Donald E. Jeffrey, III, Senior Assistant Attorney General (Mark R.
Herring, Attorney General, on brief), for appellee.


Ronnie Matthew Cousins appeals his convictions for unauthorized use of a motor vehicle in

violation of Code § 18.2-102, hit and run in violation of Code § 46.2-894, driving under the

influence in violation of Code § 18.2-266, and driving with a suspended license in violation of Code

§ 46.2-301.  Cousins argues the trial court erred in determining that he was the operator of the car,

that he had knowledge an individual was injured, and that he used a car without the owner's

consent.  Cousins also argues the evidence was insufficient to support the driving under the

influence conviction because his behavior rebutted the presumption he was under the influence

based upon his blood alcohol content.  Finding no error, we affirm.

As the parties are fully conversant with the record in this case, and because this

memorandum opinion carries no precedential value, this opinion recites only those facts and

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

incidents of the proceedings as are necessary to the parties' understanding of the disposition of this appeal.

BACKGROUND

"On appeal, 'we review the evidence in the light most favorable to the Commonwealth, granting to it all reasonable inferences fairly deducible therefrom.'" Archer v. Commonwealth, 26 Va. App. 1, 11, 492 S.E.2d 826, 831 (1997) (quoting Martin v. Commonwealth, 4 Va. App. 438, 443, 358 S.E.2d 415, 418 (1987)).

So viewed, the evidence proved that on July 16, 2012, Sergeant Justin Aronson responded to the intersection of Pocoshock Boulevard and Elkhardt Road where he saw a woman, later identified as Tenisha Towns, sitting or standing twenty to thirty feet from a heavily damaged guardrail. Aronson did not see a vehicle in the area. While speaking with Towns, Aronson heard Towns' cell phone "continuously" ring. Aronson attempted to speak to the caller, but received no response and Towns gave Aronson a telephone number. After Towns was transported by ambulance to a hospital, Aronson began to check the area for vehicles with damage. Approximately one-quarter of a mile from the intersection where Aronson encountered Towns, he saw a car with heavy front end damage stopped on a slight embankment.

Aronson and other officers searched the area for possible additional injured individuals, and officers detained Cousins about three-quarters of a mile from where Aronson encountered Towns. While speaking to Cousins, Aronson asked his dispatcher to call the number Towns had given him and a cell phone in Cousins' pocket rang.

After reading Cousins his rights protected by Miranda v. Arizona, 384 U.S. 436 (1966), Aronson asked Cousins about the crash and why he ran from the scene. Cousins stated he ran because he was scared and the accident had occurred approximately thirty to forty minutes earlier. Cousins stated "his girl," later identified as Crystal Sprouv, owned the car. Cousins

stated that Sprouv was not aware that he had the car and he took the car without her knowledge and permission. Aronson charged Cousins with unauthorized use of Sprouv's car. Aronson noticed an odor of alcohol and, based upon field sobriety tests and a preliminary breath test, Aronson charged Cousins with driving under the influence. A breath test showed a blood alcohol content of .08. Cousins also admitted to Aronson that his license was suspended.

Tyron Green, Cousins' friend, testified he was the driver of the car and Cousins, along with a woman, were passengers. According to Green, he took the keys to the car without Sprouv's permission and Cousins did not drive because he had been drinking. When asked to describe the accident, Green testified a car swerved into his lane which caused him to "ben[d]" the steering wheel and strike the guardrail. Green testified he drove through the intersection, "put the car in a ditch," and fled the scene, leaving Cousins and the woman at the scene. Later, Green testified he moved the car from where he hit the guardrail so that it was not blocking the road, which contradicted his earlier testimony that he drove the car through the intersection before placing it in the ditch. Green admitted he never notified the police that Cousins had been arrested "falsely" and he first came forward at Cousins' trial.

In rebuttal, Aronson testified Cousins never mentioned a third individual as being in the car and, based upon conversations with Towns and Sprouv, he did not look for a third individual.

Neither Towns nor Sprouv testified at Cousins' trial.

In finding that Cousins was the operator of a car, the trial judge, sitting as fact finder, stated:

> Here, much as I said before, I think the circumstantial evidence of operation is very overwhelming.
> That is, when the officer makes contact and speaks with him and asks questions like, why did you leave the scene? When did the accident occur? Have you had anything to drink since the accident?
> I think my common sense tells me that if someone were not the operator of a motor vehicle, the first thing he'd say, the last

thing he'd say, the thing he'd say five or ten times in between, is I wasn't driving. That's what any person would say, if indeed they were not the driver. There was never any denial in this evidence produced by Officer Aronson that Mr. Cousins was not the operator.

Turning to Mr. Green. Candidly, I don't find him to be a credible witness. There are many issues that impact his credibility.

He has certainly been a friend of some years to Mr. Cousins. He certainly has admitted bias in that respect. Also, it is fairly inexplicable why he would not speak up at the time of the trial below, why he comes here today, but additionally, his evidence today is inconsistent in several respects.

As I understood it, I think I finally understood it. Mr. Green was saying that after he hit the guardrail, he left the car in the ditch, by which he meant that he moved the car out of the travel portion of the road at Pocoshock, whatever Pocoshock turned into.

He got off the road and put it in the ditch. His testimony was that was very, very near to where he hit the guardrail. That's what he said.

In point of fact, the sergeant said it was about a quarter of a mile between the damage to the guardrail and where the vehicle was found.

That's just one of several inconsistencies, respectfully, that cause me to attach little credence to Mr. Green's testimony.

## ANALYSIS

Cousins argues since he never admitted to Aronson that he was the operator of the car, the trial court erred in finding that he should have denied being the operator when Aronson questioned him because he was not required to discuss his actions with an arresting officer. Cousins also argues the trial judge arbitrarily rejected Green's testimony that Green was the operator of the car.[1]

"Circumstantial evidence is as competent and is entitled to as much weight as direct evidence, provided it is sufficiently convincing to exclude every reasonable hypothesis except that of guilt." Coleman v. Commonwealth, 226 Va. 31, 53, 307 S.E.2d 864, 876 (1983). "Circumstantial evidence is not viewed in isolation." Commonwealth v. Hudson, 265 Va. 505,

---

[1] Whether Cousins was the operator of the car is common to all four convictions.

- 4 -

514, 578 S.E.2d 781, 786 (2003). "Whether a hypothesis of innocence is reasonable is a question of fact." Patrick v. Commonwealth, 27 Va. App. 655, 662, 500 S.E.2d 839, 843 (1998).

"The credibility of the witnesses and the weight accorded the evidence are matters solely for the fact finder who has the opportunity to see and hear that evidence as it is presented." Sandoval v. Commonwealth, 20 Va. App. 133, 138, 455 S.E.2d 730, 732 (1995).

"The judgment of a trial court sitting without a jury is entitled to the same weight as a jury verdict, and will not be disturbed on appeal unless plainly wrong or without evidence to support it." Beck v. Commonwealth, 2 Va. App. 170, 172, 342 S.E.2d 642, 643 (1986).

The trial judge heard the testimony of the witnesses and observed their demeanor. The trial judge reviewed Green's testimony and noted the inconsistencies in Green's testimony and his failure to notify the authorities earlier when Cousins, his friend, was charged. After reviewing all the evidence, the trial judge determined that Green's testimony was not credible and that Cousins' hypothesis of innocence that Green was the driver was not reasonable. Aronson saw Towns on the side of the road alone and near a damaged guardrail. A damaged car was approximately one-quarter of a mile away from Towns. While Aronson spoke to Towns, her cell phone rang several times and Aronson eventually obtained the number of the phone that was calling Towns. Officers found Cousins approximately three-quarters of a mile from where Aronson saw Towns, and Cousins stated the accident occurred approximately thirty to forty minutes earlier. Although there was no evidence Cousins admitted he was the operator of the car, when Aronson called the number he obtained while with Towns, Cousins' cell phone rang. Cousins also admitted he ran from the scene because he was scared.

Based upon a review of the record, there was sufficient evidence supporting the trial judge's credibility determination regarding Green and whether Cousins' hypothesis of innocence was reasonable. Cousins' proximity to the scene, his admissions to Aronson, Cousins' failure to

mention that a third individual was in the car, and Cousins' cell phone ringing after the dispatcher called the number of the individual trying to reach Towns were sufficient circumstances proving Cousins was the operator of the car.

Cousins argues the evidence was insufficient to prove he operated the car without Sprouv's authorization. Cousins argues since Sprouv did not testify, it can be inferred that her testimony was adverse to the Commonwealth.

"Under Code § 18.2-102, a conviction of unauthorized use of a vehicle requires proof of use without the consent of the owner with intent to deprive the owner of possession temporarily, but without intent to steal." Overstreet v. Commonwealth, 17 Va. App. 234, 236, 435 S.E.2d 906, 907 (1993).

Although Sprouv did not testify at Cousins' trial, the prosecutor stated during the motion to strike that she was not calling Sprouv as a witness because her testimony would be different from what she initially told the authorities. Under the facts and circumstances, in the record here, the Commonwealth's decision not to call Sprouv does not affect the evidentiary basis for the factfinder's conclusion that Cousins committed unauthorized use of a vehicle under Code § 18.2-102. Cousins admitted to Aronson that Sprouv had not given him permission to use her car and she had no knowledge that he had her car. Cousins' admissions were sufficient to prove Cousins used Sprouv's car without her consent.

Cousins argues the Commonwealth failed to prove the nature or type of injury to Towns to support the conviction of felony hit and run and that he had knowledge an individual was injured.[2]

---

[2] Code § 46.2-894 provides in part:

> Any person convicted of a violation of this section is guilty of (i) a Class 5 felony if the accident results in injury to or the death of any person, or if the accident results in more than $1000 of damage to property or (ii) a Class 1 misdemeanor if the accident results in damage of $1000 or less to property.

"The Court of Appeals will not consider an argument on appeal which was not presented to the trial court." Ohree v. Commonwealth, 26 Va. App. 299, 308, 494 S.E.2d 484, 488 (1998). See Rule 5A:18.

At the motion to strike at the close of the Commonwealth's case-in-chief, defense counsel stated, "I'm not questioning that there was an accident. We know there was an accident. A lady was injured. Someone was injured and transported to the hospital." At the conclusion of all the evidence, defense counsel renewed his motion to strike and presented further argument, but he never argued the Commonwealth failed to prove the nature or type of injury to Towns or that he had knowledge an individual was injured. Accordingly, Rule 5A:18 bars our consideration of this argument on appeal. Moreover, the record does not reflect any reason to invoke the good cause or ends of justice exceptions to Rule 5A:18.

Cousins argues he rebutted the presumption of driving under the influence created by his .08 blood alcohol breath test because he passed one of the field sobriety tests, his speech was not slurred, he did not stumble, he was aware of the time and location, and his behavior was not erratic. During argument at the conclusion of the evidence, defense counsel stated, "Cousins was under the influence." Cousins failed to present the argument to the trial court that he raises on appeal, and Rule 5A:18 bars consideration of it on appeal. Moreover, the record does not reflect any reason to invoke the good cause or ends of justice exceptions to Rule 5A:18.

CONCLUSION

Based upon the foregoing, there was sufficient evidence supporting the trial judge's decision that Cousins was the operator of the car and the evidence was sufficient to prove he used Sprouv's car without her consent. The Commonwealth's evidence was competent, was not inherently

incredible, and was sufficient to prove beyond a reasonable doubt that appellant was guilty of unauthorized use, hit and run, driving under the influence, and driving with a suspended license.

<u>Affirmed.</u>