COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present:   Judges Humphreys, Beales and O'Brien
Argued at Norfolk, Virginia

RODNEY LENARD MARSHALL

MEMORANDUM OPINION[*] BY

v.        Record No. 1706-15-1      JUDGE RANDOLPH A. BEALES
                                     JANUARY 24, 2017

COMMONWEALTH OF VIRGINIA

FROM THE CIRCUIT COURT OF THE CITY OF NORFOLK
Michelle J. Atkins, Judge

Joseph R. Lassiter, Jr. (Protogyrou & Rigney, P.L.C., on brief), for
appellant.

Craig W. Stallard, Assistant Attorney General (Mark R. Herring,
Attorney General, on brief), for appellee.


Rodney Lenard Marshall was indicted for and convicted of receiving stolen property in

violation of Code § 18.2-108.  On appeal, Marshall argues that the evidence presented by the

Commonwealth failed to establish that the vehicle was actually stolen property or that he knowingly

received stolen property.

I. BACKGROUND

On September 8, 2014, Gerry Self (the alleged victim) offered his 2001 Ford Mustang to

"Triggy" in exchange for drugs.  At trial, Mr. Self testified, "Well, basically I had – you know I

had been out using, and I gave this guy ["Triggy"] my car for drugs basically; and he never

brought the car back."  Mr. Self testified that he expected to get his car back at some point, but

he did not testify that he had told Triggy that he wanted it back by any specific date.  The

Commonwealth asked Mr. Self, "So were you expecting to get the vehicle back at some point?"

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

Mr. Self responded, "Yeah. I was supposed to get the vehicle back, but he never brought the car back." However, Mr. Self acknowledged that he did not communicate to Triggy any conditions on the duration of the "loan" or limit Triggy's use of the car.

On September 9, 2014 (the day after Mr. Self gave Triggy the vehicle), Triggy had not returned the car to Mr. Self. Mr. Self called the police and spoke with Detective Crowder about his Mustang on September 9, 2014. The Commonwealth did not produce any evidence that Mr. Self attempted to reach out to Triggy in an effort to ask for the return of his car. Mr. Self never filed a written police report although he did make a series of phone calls to Detective Crowder. On September 28, 2014, Detective Crowder filed a report indicating that the vehicle had been stolen and issued a be-on-the-lookout ("BOLO") for the victim's car.

At approximately 3:18 a.m. on September 28, 2014, not long after the BOLO had been broadcast to officers, Officer Phan saw a Mustang matching the description of Mr. Self's Mustang. Officer Phan followed the vehicle as it turned into a convenience store parking lot. Officer Phan drew his weapon and slowly approached the Mustang. He saw a man he subsequently identified as Marshall in the driver's seat. As Officer Phan approached, the Mustang backed out of its parking space and sped away. Officer Phan and another officer pursued the vehicle with their lights and sirens activated on their vehicles. Eventually, the Mustang traveled in the wrong direction down a one-way street and the officers halted their pursuit. However, a short time later, they found the vehicle on "the grass in the front yard of [a nearby house]." Officer Phan testified that, at that point, they called in a "K-9 officer." Officer Phan also testified, "We did a tracking, and as we did tracking, we went to the house right next to it to the right . . . , and that's when we came in contact with two individuals that were hiding [on] the dark side of the house by the AC unit." As the men were being brought out of hiding, Officer Phan recognized one of the men as the driver. Officer Phan was then able to identify the driver

- 2 -

as Rodney Marshall by his suspended driver's license (which Marshall had with him). Officer Phan again identified him at trial.

## II. ANALYSIS

### A. Standard of Review

When considering the sufficiency of the evidence on appeal, "a reviewing court does not 'ask itself whether *it* believes that the evidence at the trial established guilt beyond a reasonable doubt.'" Crowder v. Commonwealth, 41 Va. App. 658, 663, 588 S.E.2d 384, 387 (2003) (quoting Jackson v. Virginia, 443 U.S. 307, 318-19 (1979)) (emphasis in original). "Viewing the evidence in the light most favorable to the Commonwealth, as we must since it was the prevailing party in the trial court," Riner v. Commonwealth, 268 Va. 296, 330, 601 S.E.2d 555, 574 (2004), "[w]e must instead ask whether '*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt,'" Crowder, 41 Va. App. at 663, 588 S.E.2d at 387 (quoting Kelly v. Commonwealth, 41 Va. App. 250, 257, 584 S.E.2d 444, 447 (2003) (*en banc*)) (emphasis in original). "This familiar standard gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." Jackson, 443 U.S. at 319.

### B. Offense of Receiving Stolen Property

On appeal, Marshall only disputes his conviction for receiving stolen property in violation of Code § 18.2-108.[1] A violation of Code § 18.2-108(A) occurs when "any person buys or receives from another person, or aids in concealing, any stolen goods or other thing, knowing the same to have been stolen . . . ." Code § 18.2-108(A). If this occurs, "he shall be

---

[1] Marshall was convicted of three other offenses: felony eluding police in violation of Code § 46.2-817(B), driving on a suspended license (third offense) in violation of Code § 46.2-301, and driving the wrong way on a one-way street in violation of Code § 46.2-806. He was also charged with unauthorized use of a motor vehicle in violation of Code § 18.2-102, but the trial court granted Marshall's motion to strike on that charge.

deemed guilty of larceny thereof, and may be proceeded against, although the principal offender is not convicted." Id. Thus:

> [t]o convict a defendant under Code § 18.2-108, the Commonwealth must prove that property was (1) previously stolen by another, and (2) received by defendant, (3) with knowledge of the theft, and (4) a dishonest intent. Guilty knowledge is sufficiently shown if the circumstances proven are such as must have made or caused the recipient of stolen goods to believe they were stolen. Guilty knowledge . . . absent proof of an admission against interest, . . . necessarily must be shown by circumstantial evidence.

Snow v. Commonwealth, 33 Va. App. 766, 775, 537 S.E.2d 6, 11 (2000) (internal quotations and citations omitted).

### C. Whether the Mustang Was Stolen by Another

When we examine the evidence under our established standard of review, we conclude that the evidence was insufficient to support Marshall's conviction because the evidence did not prove that the Mustang had been stolen by another. It is certainly true that Marshall was in possession of the vehicle without permission from the owner, Mr. Self. It is also undisputed that Mr. Self wanted the Mustang back. However, the Commonwealth was required to prove beyond a reasonable doubt that Triggy took the car with the intent to permanently deprive Mr. Self of the vehicle. See Overstreet v. Commonwealth, 17 Va. App. 234, 236, 435 S.E.2d 906, 907 (1993) (finding that a larceny is committed when an individual has "the intent to deprive the owner of his property permanently . . . . Common law larceny, and its statutory lesser included offenses, require a trespassory taking."). Mr. Self only testified, "Well, basically I had – you know I had been out using, and I gave this guy my car for drugs basically; and he never brought the car back." Mr. Self's testimony that he "gave this guy [Triggy] my car for drugs" – without any more information to indicate what was communicated *to Triggy* – is simply not sufficient to show that Triggy actually stole the vehicle (i.e., that Triggy took the vehicle from Mr. Self with

- 4 -

the intent to permanently deprive Mr. Self of the Mustang).  The fact that *Marshall* attempted to flee the scene, without more, also cannot be proof that *Triggy* stole the vehicle.  Marshall knew that he was driving on a suspended driver's license when the officer tried to stop him.

Marshall also argues that the evidence was insufficient to support a finding that he had knowledge that the car was stolen at the time he received it.  However, because the Commonwealth failed to prove that the Mustang was actually stolen (a necessary element of the offense of receiving stolen property), we do not need to reach Marshall's second argument.

### III. CONCLUSION

In short, the evidence was insufficient to support Marshall's conviction for receiving stolen property as the evidence did not establish that the Mustang had actually been stolen, given that the owner testified that "I gave this guy [Triggy] my car for drugs[.]"  Consequently, we must reverse and dismiss Marshall's conviction for receiving stolen property.

Reversed and dismissed.